IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:20-cv-250 |
| | ) Judge Stephanie L. Haines |
| SMITH TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Craig Smith ("Plaintiff") commenced this action by filing a four-count complaint (ECF No. 1). Plaintiff alleges the following claims against Defendant-Employer Smith Transport, Inc. ("Defendant"): (1) Failure to accommodate and discrimination in violation of the Americans with Disabilities Act ("ADA") of 1990; (2) Disability discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"); (3) Wrongful discharge in violation of the Pennsylvania Clean Indoor Air Act (CIAA) of 2008; and (4) Violations of the Wage Payment and Collection Law ("WPCL"). Defendant filed a Partial Motion to Dismiss Count III of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Doc. 8).

As discussed herein, the Court holds that Plaintiff has failed to state a claim whereupon relief can be granted as to Count III of Plaintiff's Complaint. Accordingly, Defendant's Partial Motion to Dismiss (ECF Doc. 8) is GRANTED with prejudice.

I.   **Factual Background**

The following facts are accepted as true for the purpose of the pending Partial Motion to Dismiss:

1

Plaintiff, a resident of Middletown, Delaware, alleges that he was forced to resign from his employment with Defendant, who is a Pennsylvania corporation with its principal place of business in Roaring Spring, Pennsylvania, due to Defendant's failure to reasonably accommodate and discrimination of Plaintiff's disability (ECF No. 1 at ¶¶ 1, 7-8).

According to the Complaint, Plaintiff began working for Defendant in March 2019. *Id.* at ¶ 9. Plaintiff moved him and his family from Delaware to Pennsylvania after Defendant offered Plaintiff a position with the company. *Id.* at ¶ 10. Plaintiff's duties included driving a tanker truck and loading brine water from oil wells. *Id.* at ¶ 12. During his employment with Defendant, Plaintiff notified Defendant of his documented disabilities including migraines and allergies, with a specific allergy to cigarette smoke that causes severe migraines and blurred vision upon exposure. *Id.* at ¶¶ 13-14. Plaintiff claims that these disabilities do not prevent him from performing essential functions in his job with reasonable accommodations. *Id.* at ¶ 15.

Plaintiff states that despite notifying Defendant of his disabilities, he was required to drive in company trucks for extended periods while co-workers smoked cigarettes inside the vehicle, causing him to make multiple trips to the Canonsburg Hospital Emergency Department for migraines. *Id.* at ¶¶ 16-17. In response, Plaintiff notified Defendant about the CIAA, along with making numerous reports about the working conditions to the Defendant, Defendant's safety director, and management. *Id.* at ¶¶ 18-19. After exhausting all internal resources, Plaintiff filed a complaint with the Pennsylvania Department of Health, who issued a directive requiring Defendant to comply with the CIAA. *Id.* at ¶¶ 21-22. Plaintiff alleges that Defendant refused to comply with the directive and told Plaintiff to "simply deal with it." *Id.* at ¶ 23. After several months of exposure to cigarette smoke and numerous trips to the hospital, Plaintiff states that he could no longer tolerate the constant exposure and resulting migraines, thus forcing him to resign

from his position with Defendant. *Id.* at ¶¶ 24-25. As a result, Plaintiff and his family returned to Delaware, incurred extensive moving costs, and Plaintiff is currently employed at a different company with a lower rate of pay. *Id.* at ¶¶ 26-27.

## II. Standard of Review

To survive a motion to dismiss, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 664. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* To avoid dismissal, plaintiffs "must allege facts to 'nudge [their] claims across the line from conceivable to plausible.'" *Mann v. Brenner*, 375 F. App'x 232, 235 (3d Cir. 2010) (quoting *Bell Atl. v. Twombly*, 550 U.S. at 570).

## III. Legal Analysis

At Count III of the Complaint, Plaintiff presents a claim of wrongful discharge under the Pennsylvania Clean Indoor Air Act of 2008 (CIAA). However, the Court finds that Plaintiff has failed to sufficiently state a claim under wrongful termination for which relief can be granted because a common law cause of action for wrongful termination is preempted by statutory remedies available to Plaintiff. Specifically, the statutory remedies under the Americans with Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA"), as

3

alleged under Counts I and II respectively in Plaintiff's Complaint, preempt a cause of action for wrongful termination, premised under discriminatory and adverse circumstances related to Plaintiff's disabilities (*See* ECF No. 1 at ¶¶ 36, 47).

Under Pennsylvania common law, there is generally "no common law cause of action against an employer for termination of an at-will employment relationship." *Weaver v. Harpster*, 975 A.2d 555, 562 (Pa. 2009) (citing *Clay v. Advanced Computer Applications, Inc.,* 559 A.2d 917, 918 (Pa. 1989)). An employer or employee may terminate employment for any reason, absent any statutory or contractual provision that indicates otherwise. *Id.* However, the Pennsylvania Supreme Court noted an exception to the general rule: An employee may bring a cause of action for wrongful termination or discharge where the termination "implicates a clear mandate of public policy." *Id.* at 563. The Court emphasized that the public policy exception for termination of at-will employment applies "only in the *most limited* circumstances." *See id.* (emphasis added) (explaining that it is not for the courts to formulate public policy exceptions, but rather for the legislature).

Additionally, there is no common law cause of action under wrongful termination for violation of public policy under Pennsylvania law where a statutory remedy exists. *Gillispie v. RegionalCare Hosp. Partners Inc.*, 892 F.3d 585, 597 (3d Cir. 2018). An available statutory remedy precludes a party from claiming a common law cause of action even when the "statute [itself] is not invoked [by the party]," *id.* (citing *Wolk v. Saks Fifth Ave., Inc.*, 728 F.2d 221, 224 n.3 (3d Cir. 1984)), or the claim is "cloaked in rhetoric of public policy," but could have clearly been brought under a statutory remedy. *Id.*

Defendant argues that the ADA and PHRA are statutory remedies that provide relief for Plaintiff under the facts Plaintiff alleges for his wrongful termination claim. (ECF No. 3 at p. 3).

Consequently, the ADA and PHRA preclude Plaintiff from pleading a cause of action for wrongful termination under discriminatory circumstances related to his disabilities. *Id.* The Court will first address whether the ADA and PHRA preempt a cause of action for wrongful termination under discriminatory circumstances, then the Court will discuss whether the facts and interests pleaded in Plaintiff's Complaint are fundamentally different from the facts pleaded under Plaintiff's ADA and PHRA claims.

Defendant primarily relies upon *Petti v. Ocean Cnty. Bd. of Health*, 831 F. App'x 59 (3d Cir. 2020) in arguing that the ADA preempts a wrongful termination claim based on an employer's failure to accommodate an employee's disability.[1] In *Petti*, the plaintiff brought suit against defendant employer under the ADA and wrongful termination after plaintiff's employment was terminated in response to the plaintiff's absenteeism. *Petti*, 831 F. App'x at 62. The plaintiff claimed that she refused to return to work because office construction caused her to have allergic reactions to construction debris and defendant employer failed to adequately accommodate her allergies. *Id.* at 61-62.

The Third Circuit held in *Petti* that the ADA preempted the plaintiff's wrongful termination claim because her wrongful termination claim was "based on the same facts as her discrimination . . . claim[]" and her wrongful termination would not protect any additional interest outside of the ADA's protections. *Id.* at 64-65. Similarly, this District has held that a claim of wrongful termination, which is premised on rights available under the ADA, is preempted. *See Blake v.*

---

[1] Even though the Third Circuit interprets New Jersey law in *Petti*, its analysis of statutory preemption of a wrongful termination claim based on discrimination is analogous to how District Courts in Pennsylvania interpreted the ADA's preemption of wrongful termination. *See Blake v. UPMC Passavant Hosp.*, No. CIV.A. 06-193, 2008 WL 936917 at *11 (W.D. Pa. Apr. 4, 2008), *aff'd*, 394 F. App'x 940 (3d Cir. 2010); *see also Blanco v. City of Reading*, No. 5:20-CV-02072, 2021 WL 1153044 at *11 (E.D. Pa. Mar. 26, 2021) (citing *Petti*, 831 F. App'x at 64-65).

*UPMC Passavant Hosp.*, No. CIV.A. 06-193, 2008 WL 936917 at *11 (W.D. Pa. Apr. 4, 2008), *aff'd*, 394 F. App'x 940 (3d Cir. 2010) ("[T]o the extent that Blake's retaliatory/wrongful discharge claim is premised solely on violation of rights guaranteed by ADA . . . he had other remedies available to him to seek redress for that injury."). Where a cognizable claim of discrimination based on a disability is alleged for a claim of wrongful termination and the claim is recognized by statutory remedy under the ADA, the claim for wrongful termination is preempted.

Similarly, a claim of wrongful termination alleged through acts of discrimination based on a disability is preempted by the PHRA. The PHRA is the exclusive remedy for acts deemed unlawful in section five of the act. *See* 43 Pa. Stat. Ann. § 962(b) (West) ("the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned."). The Pennsylvania Supreme Court, the Third Circuit and Pennsylvania District Courts have consistently preempted claims of wrongful termination premised on discrimination, because the "PHRA provides a statutory remedy." *Nix v. Nationwide Ins. Co.*, No. CIV.A. 05-503, 2005 WL 783345 at * 2 (E.D. Pa. Apr. 7, 2005) (quoting *Clay*, 559 A.2d at 918); *see also Korinko v. Come Ready Nutrition, LLC*, No. 2:20-CV-226, 2020 WL 4926177 at *4 (W.D. Pa. Aug. 21, 2020) ("To allow a separate common law remedy for discriminatory acts would be superfluous and would cut against the purpose of the PHRA's exclusivity provision."); *Keck v. Com. Union Ins. Co.*, 758 F. Supp. 1034, 1039 (M.D. Pa. 1991) ("If . . . the act that would support the common law claim is only an act of discrimination, the claim is preempted by and must be adjudicated within the framework of the PHRA."). Therefore, when a claim of disability discrimination in an employment setting is alleged under a cause of action for wrongful termination, but the discriminatory acts, as pleaded,

are remedied under section five of the PHRA, the PHRA is the exclusive remedy and preempts Plaintiff from raising the same claim under wrongful termination.[2]

The Court will next examine whether the facts and interests as pleaded in Plaintiff's Complaint are fundamentally different from the facts pleaded under Plaintiff's ADA and PHRA claims. If the facts alleged for a claim of wrongful termination allege only an act of discrimination, the claim is preempted and adjudicated under the proper statutory remedies. *Keck*, 758 F. Supp. at 1039. However, "if all or part of the facts that would give rise to a discrimination claim would also independently support a common law claim," the common law claim is not preempted by the statutory remedy. *Korinko*, 2020 WL 4926177 at *4 (quoting *Keck*, 758 F. Supp. at 1039). To avoid preemption, the common law claim must protect "fundamentally different" interests than the interests implicated under the statutory remedy. *See Blazevich v. Star Hotels, Inc.*, No. 3:19-CV-198, 2021 WL 1214688 at *9 (W.D. Pa. Mar. 31, 2021).

Plaintiff argues that his wrongful discharge claim is distinct from his ADA and PHRA claims. Specifically, Plaintiff contends that unlike his ADA and PHRA claims, Plaintiff's wrongful discharge claim does not require him to show that he had a disability, was denied reasonable accommodations, and suffered adverse employment as a result, but rather that

---

[2] Defendant further cites other cases where common law wrongful discharge claims were preempted by a statutory remedy. *See generally Novosel v. Nationwide Ins. Co.*, 721 F.2d 894, 898 (3d Cir. 1983) (recognizing that Pennsylvania courts have only applied the public policy exception to cases where no statutory remedy was available for the aggrieved party). Pennsylvania courts have preempted a claim for wrongful discharge when a statutory remedy was available under Pennsylvania's Whistleblower Law, *see Johnston v. N. Braddock Borough*, No. CV 19-1548, 2020 WL 6730889 at *14 (W.D. Pa. Sept. 4, 2020) (citing *Angelini v. U.S. Facilities, Inc.*, 2018 WL 3155995, at *12 (E.D. Pa. June 27, 2018)); *Kent v. Keystone Human Servs.*, 68 F. Supp. 3d 565, 568 (M.D. Pa. 2014); *Katzenmoyer v. City of Reading, Pa.*, 158 F. Supp. 2d 491, 503 (E.D. Pa. 2001); *Freeman v. McKellar*, 795 F. Supp. 733, 742 (E.D. Pa. 1992), the Medical Care Availability and Reduction of Error Act ("the MCARE Act"), *Gillispie* 892 F.3d at 597, the Family and Medical Leave Act ("FMLA") and Title VII claims, *Blanco v. City of Reading*, No. 5:20-CV-02072, 2021 WL 1153044 at *11 (E.D. Pa. Mar. 26, 2021).

Defendant violated public policy, here, the CIAA (*See* ECF No. 12 at p. 3-4); *see also* 35 Pa. Stat. Ann. § 637.7 (West) ("A person may not discharge an employee, refuse to hire an applicant for employment or retaliate against an employee because the individual exercises a right to a smoke-free environment required under this act."). In support of this argument, Plaintiff cites to *Novosel v. Nationwide Ins. Co.* to argue that Pennsylvania law "permits a cause of action for wrongful discharge where the employment termination abridges . . . public policy," *id.* at 898, but fails to mention that the *Novosel* court further held that "public policy exceptions do not ordinarily apply where statutory remedies are available." *Blake*, 2008 WL 936917 at *11 (citing *Novosel*, 721 F.2d at 898).

Plaintiff's contention that his wrongful discharge claim, based on a violation of the CIAA, is fundamentally different from his ADA and PHRA claims is without merit.[3] As alleged in the Complaint, the facts pleaded for Plaintiff's wrongful discharge claim are facially and fundamentally the same facts pleaded for Plaintiff's ADA and PHRA claims. Under Plaintiff's claim that he was wrongfully discharged in violation of CIAA, Plaintiff incorporates the averments set forth for his ADA and PHRA claims and further states that he requested that Defendant comply with the CIAA as "a reasonable accommodation for his *disability*," Defendant refused to comply, and as a result Plaintiff was forced to resign (ECF Doc. 1 at ¶¶ 49-57) (emphasis added). As pleaded, this is fundamentally the same facts and interests alleged in Plaintiff's ADA and PHRA claims (i.e., Plaintiff had a disability where he was allergic to cigarette smoke, Defendant refused to make reasonable accommodations for the Plaintiff, and consequently, Plaintiff was forced to resign).

---

[3] Plaintiff fails to cite any caselaw in support of his argument that a wrongful termination claim based upon disability discrimination is not preempted by a statutory remedy.

8

Plaintiff argues that these claims are distinct because his claim of wrongful termination in violation of the CIAA implicates Plaintiff's interest in exercising his right to a smoke-free environment as opposed to his interests not to be discriminated against based on his disability. However, merely referencing or claiming a violation to public policy does not in itself make a claim distinct when it could be remedied under a statute. A wrongful termination claim is preempted even if the claim is "cloaked in rhetoric of public policy," but could have clearly been brought under a statutory remedy. *Gillispie*, 892 F.3d at 597.

Here, Plaintiff's recital of the CIAA's function and purpose as indication of public policy does not make his wrongful termination claim distinct from the facts alleged. Rather than terminating his employment because Defendant would not comply with the CIAA, Plaintiff terminated his employment because Defendant would not accommodate his disability. The CIAA was a method of accommodation for Plaintiff's disability. Defendant's failure to accommodate Plaintiff under the CIAA, or through any other accommodation, allegedly forced Plaintiff to terminate his employment. Because Plaintiff has statutory remedies available to him under the ADA and PHRA, and has indeed alleged those claims, a claim of wrongful termination pleaded under the same facts is preempted as a matter of law. Accordingly, Defendant's Partial Motion to Dismiss Plaintiff's wrongful termination claim is granted and Count III of Plaintiff's Complaint is dismissed with prejudice.[4]

The parties argue, in the alternative, whether the CIAA sufficiently implicates the public policy requirement for wrongful termination in Pennsylvania.[5] A claim for wrongful termination

---

[4] The Court finds that leave to amend will be futile.
[5] Plaintiff and Defendant argue whether Plaintiff's alleged forced termination violates a clear mandate of public policy, whether the CIAA applies to commercial vehicles, such as the vehicle used by Plaintiff during his employment, and, if commercial vehicles are included in the CIAA,

must allege that termination implicates a "clear mandate of public policy." *Weaver*, 975 A.2d at 563. It is the job of the legislature to formulate public policy of the Commonwealth, rather than the courts. *Id.* Given the extremely narrow standard of the public policy for wrongful termination in Pennsylvania, this District has declined to extend, predict, or discern a public policy violation absent supporting authority from Pennsylvania's highest courts. *See Hare v. United Ref. Co.*, No. CV 17-33, 2018 WL 1942561 at *3 (W.D. Pa. Apr. 25, 2018) ("[T]he Court declines Plaintiff's invitation to "discern" a public policy violation."); *Donaldson v. Informatica Corp.*, 792 F. Supp. 2d 850, 861 (W.D. Pa. 2011) ("In light of the extreme narrowness of the public policy exception to at-will employment in Pennsylvania, and in the absence of authority from the Pennsylvania Supreme or Superior Courts . . . I cannot predict that the Pennsylvania Supreme Court would extend the public policy exception to employment at-will to this case."). Because Plaintiff's claim for wrongful termination is preempted by statutory remedies under the ADA and PHRA, this Court need not decide whether termination resulting from a violation of the CIAA supports a cause of action for wrongful termination.

**IV.   Conclusion**

Defendant's Partial Motion to Dismiss Count III of Plaintiff's Complaint (EFC No. 8) is GRANTED with prejudice.

An appropriate Order will follow.

---

whether the Federal Motor Carrier Safety Act of 1984 (FMCSA) preempts the CIAA for restricting smoking in commercial vehicles because it would burden interstate commerce.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:20-cv-250 |
| | ) Judge Stephanie L. Haines |
| SMITH TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 21st day of July, 2022, for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that Defendant's Partial Motion to Dismiss Count III of Plaintiff's Complaint (ECF No. 8) is GRANTED with prejudice.

Stephanie L. Haines
United States District Judge